**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4619**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHARLES STEWART WELLONS,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Greenville.   Margaret B. Seymour, District Judge.  (CR-01-146)

---

Submitted:  November 22, 2005          Decided:  December 1, 2005

---

Before MOTZ, TRAXLER, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Katherine E. Evatt, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant.  Jonathan S. Gasser, United States Attorney, Columbia, South Carolina; Elizabeth Jean Howard, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Charles Stewart Wellons appeals from the district court's order revoking his supervised release and sentencing him to fifteen months' imprisonment after he admitted to violations of his supervised release. Wellons' attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), representing that, in her view, there are no meritorious issues for appeal, but raising the issue of whether the district court erred in imposing Wellons' sentence. Wellons has filed a pro se supplemental brief, asserting that counsel was ineffective with respect to this appeal and that the court erred in determining the maximum sentence available in this case. Finding no meritorious issues and no error by the district court, we affirm the revocation order and the fifteen-month sentence.

In light of Wellons' admission that he committed the violations of his supervision terms, we find no error by the district court in revoking his supervised release. See 18 U.S.C.A. § 3583(e)(3) (West 2000 & Supp. 2005); United States v. Davis, 53 F.3d 638, 642-43 (4th Cir. 1995). Wellons challenges the length of the sentence, which exceeds the three-to-nine month range suggested by the Sentencing Guidelines. See U.S. Sentencing Guidelines Manual § 7B1.4(a) (2000). However, the sentencing ranges in Chapter 7 of the Sentencing Guidelines are not binding on the sentencing court. Davis, 53 F.3d at 640-41. Rather, upon finding

a violation, the district court may revoke supervised release and resentence the defendant to any sentence within the statutory maximum for the original offense. 18 U.S.C. § 3565(a) (2000); United States v. Schaefer, 120 F.3d 505, 507 (4th Cir. 1997). Because the district court imposed a sentence within the properly determined statutory maximum, we find no abuse of discretion. See USSG § 7B1.4, comment. (n.4).

Wellons also contends that counsel was ineffective with respect to this appeal. A claim of ineffective assistance of counsel must first be raised in the district court in a motion under 28 U.S.C. § 2255 (2000), unless the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999); United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Because the record does not conclusively show that counsel was ineffective, we decline to address this claim at this time.

In accordance with Anders, we have independently reviewed the entire record and find no meritorious issues for appeal. Accordingly, we affirm the district court's order revoking Wellons' supervised release and imposing a fifteen-month sentence. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then

- 3 -

counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED